UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF BROCKTON RETIREMENT SYSTEM, *Individually and on behalf of all others similarly situated,*<br><br>                              Plaintiff,<br><br>             vs.<br><br>THE SHAW GROUP, INC., J.M. BERNHARD JR. and ROBERT L. BELK,<br><br>                              Defendants. | Civil Action No. 1:06-cv-08245-RCC (MHD)<br>(ECF Case)<br><br>Honorable Richard C. Casey |

**NOTICE OF NON-OPPOSITION TO THE MOTION OF THE CITY OF BROCKTON RETIREMENT SYSTEM AND THE NORFOLK COUNTY RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF <u>LEAD COUNSEL</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2006, the City of Brockton Retirement System and the Norfolk County Retirement System (collectively, the "Massachusetts Public Pension Funds" or "Movant") filed a motion for appointment as lead plaintiff and for approval of its selection of lead counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). In the memorandum in support of its motion, the Massachusetts Public Pension Funds set forth why it should be appointed lead plaintiff, namely that it suffered the largest financial interest in the relief sought by the class and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as required by the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3)(B).

According to the provisions of the PLSRA, any class member may move for appointment as lead plaintiff within 60 days after the notice of the pendency of the action is published. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, plaintiffs had to move by December 12, 2006 for their motions to be timely filed pursuant to the PSLRA. The Massachusetts Public Pension Funds and the Birmingham Retirement and Relief System ("Birmingham") were the only movants for appointment as lead plaintiff. After full briefing of the motions for lead plaintiff, Birmingham filed a Notice of Withdrawal of Its Motion For Appointment As Lead Plaintiff on March 20, 2007 (Dkt #27) (attached as Ex. 1).

Because the Massachusetts Public Pension Funds' motion for appointment as lead plaintiff and approval of lead counsel is unopposed and because the Massachusetts Public Pension Funds has the largest financial interest in the relief sought by the Class and meet the requirements of the Exchange Act, the Massachusetts Public Pension Funds should be appointed lead plaintiff and its selection of Labaton Sucharow & Rudoff LLP as lead counsel should be approved. *See Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 279 (N.D. Tex. 2001) ("[W]hen there are no other parties seeking to be

appointed lead plaintiff, the moving parties have the largest financial interest."); *Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 WL 1144586, at *3 (C.D. Cal. 1998) (same); *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996), *aff'd*, 194 F.3d 185 (1st Cir. 1999) (same).

DATED: March 22, 2007                  Respectfully submitted,

                                        **LABATON SUCHAROW & RUDOFF LLP**

                                        By:     */s/ Christopher J. Keller*
                                                 Christopher J. Keller (CK-2347)
                                                  Andrei V. Rado (AR-3724)
                                                 Alan I. Ellman (AE-7347)
                                       100 Park Avenue
                                       New York, New York 10017
                                       Tel: (212) 907-0700
                                       Fax: (212) 818-0477